UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br>v.<br>REX DEAN MEEKS<br>    Defendant. | CRIMINAL NO. 5:09-44-KKC<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\* \* \* \* \* \* \*

On March 4, 2016, the Court received a letter from Defendant Rex Dean Meeks inquiring whether he is eligible for a sentence reduction. (DE 77). The Court will construe Meeks's letter as a motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines and as a motion to appoint counsel. The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Meeks was found guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), and one count of possession with intent to distribute Oxycodone, in violation of 21 U.S.C. §841(a)(1). (DE 43, Judgment). According to the presentence report, Defendant's Base Offense Level under then-existing U.S.S.G. §2D1.1 was 24 for count one and 14 for count two. However, the presentence report provided that Meeks's prior felony convictions qualified him as a career offender under U.S.S.G. §4B1.1, with a Total Offense Level of 32. Meeks's advisory guideline range, as a career offender, was 210 to 262 months. The Court sentenced Meeks to 210 months of imprisonment (DE 43, Judgment).

Meeks is not eligible for a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under §4B1.1, the career offender guideline

range controls if it is greater than the initial advisory guideline range. U.S.S.G. § 4B1.1(b). In this case, the Court calculated Meeks's sentence based on the career offender guidelines. When a sentencing range is derived from § 4B1.1 and not the Drug Quantity Table in §2D1.1, Amendment 782 does not apply. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (holding previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Sullivan,* No. 5:14-cr-7-06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (finding defendant not eligible for a sentence reduction under Amendment 782 because his sentence range was determined by his career offender status); *United States v. Nicholson*, No. 3:11-194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (same). Accordingly, the Court hereby **ORDERS** that Defendant's motion for a sentence reduction (DE 77) is **DENIED.**

The Court also construes the letter as a motion to appoint counsel. (DE 77). There is no constitutional right to counsel or a hearing on a motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995). Because it is clear on the record that Meeks is not eligible for a sentence reduction, the Court hereby **ORDERS** that his motion to appoint counsel (DE 77) is **DENIED**.

Finally, Meeks also asks for jail credit that he did not receive from September 15, 2008, to July 12, 2010. (DE 77). Meeks does not state where he was in custody during that period. It appears from the Sentencing Memorandum that Meeks was in state custody for at least part of the time. (DE 40 at 2.)

This Court lacks authority to grant Defendant's request for a credit under the circumstances presented here. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that District Courts were not given authority to compute prisoners time credits). The Bureau of Prisons implements 18 U.S.C. § 3585, the statute governing computation of prison terms and credit for prior custody. This Court is only authorized to review a denial of sentence credits pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Setser v. United States*, 132 S. Ct. 1463, 1473 ("[Defendant] is free to urge the [BOP] to credit his time served in state court[.] . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program . . . And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241."); *United States v. Wilson*, 997 F.2d 208, 209 (6th Cir. 1993) ("The defendant may seek judicial review of the Attorney General's computation once he has exhausted all administrative remedies."). No such petition was filed here and there is no indication in his letter that Meeks previously sought a credit from the Bureau of Prisons. In short, Meeks should first pursue his request for a credit with the Bureau of Prisons.

Dated March 16, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY