UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>V.<br><br>REX DEAN MEEKS,<br><br>    Defendant/Movant. | CRIMINAL NO. 5:09-CR-44-KKC-EBA<br><br><br>OPINION & ORDER |

*** *** ***

Petitioner Rex Meeks brings a § 2255 motion to vacate, set aside, or correct his sentence. (DE 79). Consistent with local practice, Meeks' § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Edward Atkins issued an initial report recommending that Meeks' § 2255 motion to vacate be granted. (DE 85). That first report was stayed pending the Supreme Court of the United States' decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). *Beckles* has now been decided. Judge Atkins has subsequently vacated his initial report and issued an amended report recommending that Meeks' motion for habeas relief be denied. (DE 90). No objections have been filed regarding this recommendation within the applicable time to do so. Fed. R. Crim. P. 59(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations."); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

those findings"); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Nevertheless, the Court has examined the record *de novo* and, as explained below, will adopt the Magistrate Judge's recommendation to deny Meeks' petition for relief.

The advisory United States Sentencing Guidelines include a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." *See* United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2). The Supreme Court held in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.

Meeks argues that the Supreme Court's decision in *Johnson* retroactively excludes his prior wanton endangerment conviction from being used to sentence him as a career offender under U.S.S.G. § 4B1.2(a) because the residual clause in the United States Sentencing Guidelines is also void for vagueness. In *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), the Supreme Court confronted Meeks' argument and rebuffed *Johnson*-type vagueness challenges to the Sentencing Guidelines, upholding § 4B1.2's residual clause as categorically immune from vagueness challenges. Justice Thomas, writing for the Court, explained:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892.

Meeks' prior wanton endangerment conviction was considered a "violent felony" within the meaning of the residual clause, and, in light of *Beckles*, he was properly

2

categorized as a career offender for purposes of the Sentencing Guidelines. Therefore, Meeks has no colorable claim for relief under *Johnson*.

Accordingly, having reviewed the amended recommended disposition and agreeing with the analysis therein, the Court hereby **ORDERS** that Magistrate Judge Atkins' recommended disposition (DE 90) is **ADOPTED** as the Court's opinion, that petitioner Meeks' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (DE 79) is **DENIED**, and that no certificate of appealability shall be issued. A separate judgment shall issue.

Dated April 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY